United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN ENRIQUE MATA CASTRO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-09465 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Jonathan Enrique Mata Castro, is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Houston Contract Detention Facility in Houston, Texas. The petitioner is represented by counsel and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1), challenging his continued confinement

The petitioner is from Honduras. He entered the United States without inspection in 2016 when he was ten years old. He was taken into ICE custody on September 22, 2026. The petition raises two claims for relief: That the petitioner's continued detention violates his Fifth Amendment right to due process of law; and that there is no statutory basis for mandatory detention in his case. The petitioner candidly acknowledges that both claims are currently foreclosed by binding Fifth Circuit precedent but he raises them to preserve them for appellate review.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. In *Sosnava Rodriguez v. Vergara*, No. 26-50183 (5th Cir. Oct. 23, 2026)(*en banc*) the Fifth Circuit held that, for immigrants who have never been legally admitted to the United States, there is no process due beyond that provided by Congress in 8 U.S.C. § 1225(b)(2)(A). That statute mandates detention for "applicants for admission," *i.e.*, immigrants who are present in the United States but have not been legally admitted to the United States. Such immigrants, under *Sosnava Rodriguez*, are not entitled to an individualized hearing. The Fifth Circuit's *en banc* decision is binding on this Court.

Moreover, the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) holds that immigrants who are present in the United States without admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). This binding decision precludes relief on the petitioner's statutory claim.

Because the Fifth Circuit has determined that immigrants like the petitioner are subject to mandatory detention without an individualized hearing, the face of the petition shows that the petitioner is not entitled to relief. Accordingly, it is ORDERED that the petition (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on October 28, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge